Willard K. Tom
General Counsel
ROBERT J. SCHROEDER
Regional Director
MIRY KIM, WA Bar # 31456
mkim@ftc.gov
MARY T. BENFIELD, WA Bar # 18835                    NO JS-6
mbenfield@ftc.gov
915 2nd Ave., Suite 2896
Seattle, WA 98174
(206) 220-4487 (Kim)
(206) 220-4472 (Benfield)
(206) 220-6366 (fax)

RAYMOND E. McKOWN, CA Bar # 150975
rmckown@ftc.gov
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
(310) 824-4325 (voice); (310) 824-4380 (fax)
Attorneys for Plaintiff Federal Trade Commission

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) Case No.  CV 12-04736 DDP(CWx) |
| vs. | ) |
| | ) |
| CONSUMER ADVOCATES GROUP | ) FINAL JUDGMENT AND ORDER |
| EXPERTS, LLC, a California Limited | ) FOR PERMANENT INJUNCTION |
| Liability Company, also d.b.a. | ) AND OTHER EQUITABLE RELIEF |
| Consumer Advocates Group; | ) |
| | ) |
| PARAMOUNT ASSET | ) |
| MANAGEMENT CORP., a California | ) |
| Corporation, also d.b.a. National | ) |
| Financial Rescue Corp., National | ) |
| Financial Rescue Group, and American | ) |
| Forensic Loan Auditors; | ) |

ADVOCATES FOR CONSUMER )
AFFAIRS EXPERT, LLC, a California )
Limited Liability Company; and )
)
RYAN ZIMMERMAN, )
)
                    Defendants. )
_____ )

Plaintiff Federal Trade Commission ("FTC") commenced this civil action on May 30, 2012, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the 2009 Omnibus Appropriations Act, Public Law 111-8, Section 626, 123 Stat. 524, 678 (Mar. 11, 2009) ("Omnibus Act"), as clarified by the Credit Card Accountability Responsibility and Disclosure Act of 2009, Public Law 111-24, Section 511, 123 Stat. 1734-64 (May 22, 2009) ("Credit Card Act"), to obtain preliminary and permanent injunctive and other equitable relief for Defendants' alleged violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Mortgage Assistance Relief Services Rule ("MARS Rule"), 16 C.F.R. Part 322, recodified as Mortgage Assistance Relief Services, 12 C.F.R. Part 1015 ("Regulation O"), in connection with the marketing and sale of mortgage assistance relief services.  On June 7, 2012, the Court entered a Preliminary Injunction against Defendants.  The FTC and Defendants Consumer Advocates Group Experts, LLC, Paramount Asset Management Corp., Advocates for Consumer Affairs Expert, LLC, and Ryan Zimmerman (collectively "Defendants") hereby stipulate to the entry of this Final Order for Permanent Injunction and Settlement of Claims ("Order").

## **FINDINGS**

By stipulation of the parties and being advised of the premises, the Court finds:

1.     This is an action by the FTC instituted under Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b and Section 626 of the Omnibus Act as

clarified by Section 511 of the Credit Card Act.  The Complaint seeks both permanent injunctive relief and equitable monetary relief for Defendants' alleged deceptive acts or practices as alleged therein.

2.      The FTC has the authority under Sections 13(b) and 19 of the FTC Act to seek the relief it has requested, and the Complaint states a claim upon which relief may be granted against Defendants.

3.      This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants.  Venue in the Central District of California is proper.

4.      The activities of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      Defendants waive: (a) any right to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that they may have against the Commission, its employees, representatives or agents; (c) any claim under the Equal Access to Justice Act, 28 U.S.C. § 2412, *as amended by* Pub. L. 104-121, 110 Stat. 847, 863-64 (1996); and (d) any right to attorneys' fees that may arise under said provision of law.  The Commission and Defendants shall each bear their own costs and attorney's fees incurred in this action.

6.      Defendants neither admit nor deny the allegations set forth in the Complaint.  This Order does not constitute and shall not be interpreted to constitute either an admission by Defendants, or a finding by the Court, of any liability or wrongdoing by any of the Defendants or any violation of any law, rule, or regulation.

7.      This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

8.      Entry of this Order is in the public interest.

9.      This Order resolves all issues between the Commission and the Defendants raised in the Commission's Complaint.

10.     Defendants have entered into this Order freely and without coercion. Defendants acknowledge that they have read the provisions of this Order, understand them, and are prepared to abide by them.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.     "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Defendant, or held for the benefit of any Defendant, wherever located, whether in the United States or abroad, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, contracts, mail or other deliveries, shares of stock, commodities, futures, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), cash, and trusts, including but not limited to any trust held for the benefit of any Defendant, the Individual Defendant's minor children, if any, or the Individual Defendant's spouse, if any, and shall include both existing assets and assets acquired after the date of entry of this Order.

2.     "Assisting others" includes, but is not limited to:

　　　　a.     Performing customer service functions, including, but not limited to, receiving or responding to consumer complaints;

　　　　b.     Formulating or providing, or arranging for the formulation or provision of, any advertising or marketing material, including, but not limited to, any telephone sales script, direct mail solicitation, or the design, text, or use of images of any Internet website, email, or other electronic communication;

　　　　c.     Formulating or providing, or arranging for the formulation or provision of, any marketing support material or service, including but not limited to, web or Internet Protocol addresses

or domain name registration for any Internet websites, affiliate marketing services, or media placement services;

    d.    Providing names of, or assisting in the generation of, potential customers;

    e.    Performing marketing, billing, or payment services of any kind; and

    f.    Acting or serving as an owner, officer, director, manager, or principal of any entity.

3.    "Competent and reliable evidence" means tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

4.    "Consumer" means any natural person.

5.    "Customer" means any person who has paid, or may be required to pay, for products, services, plans, or programs offered for sale or sold by any other person.

6.    "Debt relief product or service" means any product, service, plan, or program represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt or obligation, between a person and one or more unsecured creditors or debt collectors, including, but not limited to, a reduction in the balance, interest rate, or fees owed by a person to an unsecured creditor or debt collector.

7.    "Defendants" means the Individual Defendant and all of the Corporate Defendants, individually, collectively, or in any combination.

    a.    "Corporate Defendants" means Consumer Advocates Group Experts, LLC, Paramount Asset Management Corp., and Advocates for Consumer Affairs Expert, LLC, and their

1                   successors, assigns, affiliates, or subsidiaries, and each of them

2                   by whatever names each might be known.

3         b.    "Individual Defendant" means Ryan Zimmerman and any other

4                   names by which he might be known.

5      8.    "Document" or "Documents" means any materials listed in Federal

6 Rule of Civil Procedure Rule 34(a) and includes writings, drawings, graphs, charts,

7 photographs, audio and video recordings, computer records, and other data

8 compilations from which the information can be obtained and translated, if

9 necessary, through detection devices into reasonably usable form.  A draft or non-

10 identical copy is a separate document within the meaning of the term.  It also

11 includes electronically stored information.

12      9.    "Federal homeowner relief or financial stability program" means any

13 program (including its sponsoring agencies, telephone numbers, and Internet

14 websites) operated or endorsed by the United States government to provide relief

15 to homeowners or stabilize the economy, including, but not limited to:

16         a.    The Making Home Affordable Program;

17         b.    The Financial Stability Plan;

18         c.    The Troubled Asset Relief Program and any other program

19                   sponsored or operated by the United States Department of the

20                   Treasury;

21         d.    The HOPE for Homeowners program, any program operated or

22                   created pursuant to the Helping Families Save Their Homes

23                   Act, and any other program sponsored or operated by the

24                   Federal Housing Administration; or

25         e.    Any program sponsored or operated by the United States

26                   Department of Housing and Urban Development ("HUD"), the

27                   HOPE NOW Alliance, the Homeownership Preservation

28

Foundation, or any other HUD-approved housing counseling agency.

10.    "Financial Institution" means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

11.    "Financial related product or service" means any product, service, plan, or program represented, expressly or by implication, to:

    a.    Provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, credit, debit, or stored value cards;

    b.    Improve, or arrange to improve, any consumer's credit record, credit history, or credit rating;

    c.    Provide advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating;

    d.    Provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of credit; or

    e.    Provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of any debt or obligation (other than a debt or obligation secured by a mortgage on a consumer's dwelling), including but not limited to a tax debt or obligation, between a consumer and one or more secured creditors, servicers, or debt collectors.

1         12.     "Material fact" means any fact that is likely to affect a person's choice

2   of, or conduct regarding, goods or services.

3         13.     "Mortgage assistance relief product or service" means any product,

4   service, plan, or program, offered or provided to the consumer in exchange for

5   consideration, that is represented, expressly or by implication, to assist or attempt

6   to assist the consumer with any of the following:

7              a.    Stopping, preventing, or postponing any mortgage or deed of

8                    trust foreclosure sale for the consumer's dwelling, any

9                    repossession of the consumer's dwelling, or otherwise saving

10                   the consumer's dwelling from foreclosure or repossession;

11             b.    Negotiating, obtaining, or arranging a modification of any term

12                   of a dwelling loan, including a reduction in the amount of

13                   interest, principal balance, monthly payments, or fees;

14             c.    Obtaining any forbearance or modification in the timing of

15                   payments from any dwelling loan holder or servicer on any

16                   dwelling loan;

17             d.    Negotiating, obtaining, or arranging any extension of the period

18                   of time within which the consumer may (1) cure his or her

19                   default on a dwelling loan, (2) reinstate his or her dwelling

20                   loan, (3) redeem a dwelling, or (4) exercise any right to

21                   reinstate a dwelling loan or redeem a dwelling;

22             e.    Obtaining any waiver of an acceleration clause or balloon

23                   payment contained in any promissory note or contract secured

24                   by any dwelling; or

25             f.    Negotiating, obtaining, or arranging (1) a short sale of a

26                   dwelling; (2) a deed in lieu of foreclosure, (3) or any other

27                   disposition of a dwelling loan other than a sale to a third party

28                   that is not the dwelling loan holder.

The foregoing shall include any manner of claimed assistance, including, but not limited to, auditing or examining a consumer's mortgage or home loan application.

14.    "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

## <u>ORDER</u>

### I.    BAN ON MORTAGE ASSISTANCE RELIEF PRODUCTS AND SERVICES

**IT IS THEREFORE ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

A.    Advertising, marketing, promoting, offering for sale, or selling any mortgage assistance product or relief  service; and

B.    Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any mortgage assistance relief product or service.

### II.    BAN ON DEBT RELIEF PRODUCTS AND SERVICES

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or through any other person, are permanently restrained and enjoined from:

A.    Advertising, marketing, promoting, offering for sale, or selling any debt relief product or service; and

B.    Assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any debt relief product or service.

### III.    PROHIBITED MISREPRESENTATIONS RELATING TO FINANCIAL RELATED PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of

1   any financial related product or service, are hereby permanently restrained and
2   enjoined from:

3       A.      Misrepresenting or assisting others in misrepresenting, expressly or by
4   implication, any material fact, including but not limited to:

5           1.      The terms or rates that are available for any loan or other
6                   extension of credit, including but not limited to:

7               a.      Closing costs or other fees;
8               b.      The payment schedule, the monthly payment amount(s),
9                       or other payment terms, or whether there is a balloon
10                      payment; interest rate(s), annual percentage rate(s), or
11                      finance charge; the loan amount, the amount of credit, the
12                      draw amount, or outstanding balance; the loan term, the
13                      draw period, or maturity; or any other term of credit;
14              c.      The savings associated with the credit;
15              d.      The amount of cash to be disbursed to the borrower out
16                      of the proceeds, or the amount of cash to be disbursed on
17                      behalf of the borrower to any third parties;
18              e.      Whether the payment of the minimum amount specified
19                      each month covers both interest and principal, and
20                      whether the credit has or can result in negative
21                      amortization;
22              f.      That the credit does not have a prepayment penalty or
23                      that no prepayment penalty and/or other fees or costs will
24                      be incurred if the consumer subsequently refinances; and
25              g.      That the interest rate(s) or annual percentage rate(s) are
26                      fixed rather than adjustable or adjustable rather than
27                      fixed;

28

FINAL JUDGMENT AND ORDER          Page **10** of **21**

2.      Any person's ability to improve or otherwise affect a consumer's credit record, credit history, or credit rating or ability to obtain credit;

3.      That any person can improve any consumer's credit record, credit history, or credit rating by permanently removing negative information from the consumer's credit record, credit history, or credit rating, even where such information is accurate and not obsolete;

4.      That a consumer will receive legal representation;

B.      Advertising or assisting others in advertising credit terms other than those terms that actually are or will be arranged or offered by a creditor or lender.

## IV.    PROHIBITED MISREPRESENTATIONS RELATING TO ANY PRODUCTS OR SERVICES

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any product or service, are hereby permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, any material fact, including but not limited to:

A.      Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.      That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person; government entity; federal homeowner

FINAL JUDGMENT AND ORDER          Page **11** of **21**

relief or financial stability program; public, non-profit, or other non-commercial program; or any other program;

C.     That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

D.     That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

E.     The total costs to purchase, receive, or use, or the quantity of, the product, service, plan, or program;

F.     Any material restriction, limitation, or condition on purchasing, receiving, or using the product, service, plan, or program;

G.     Any material aspect of the performance, efficacy, nature, or characteristics of the product, service, plan, or program.

## V. SUBSTANTIATION FOR BENEFIT, PERFORMANCE, AND EFFICACY CLAIMS

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale, or sale of any product or service are hereby permanently restrained and enjoined from making any representation or assisting others in making any representation, expressly or by implication, about the benefits, performance, or efficacy of any product or service, unless, at the time such representation is made, Defendants possess and rely upon competent and reliable evidence that substantiates that the representation is true.

## VI.    PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

A.    Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any person which any Defendant obtained prior to entry of this Order in connection with the marketing and sale of mortgage assistance relief services; and

B.    Failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed. *Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VII.    MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that Judgment is hereby entered in favor of the Commission and against Defendants, jointly and severally, for equitable monetary relief, in the amount of $3,546,030.69 (three million, five hundred forty-six thousand, thirty dollars and sixty-nine cents); *provided, however,* that the Judgment for equitable monetary relief shall be suspended upon the satisfaction of the obligations imposed by Subsections A-G of this Section, and subject to the conditions set forth in Section VIII of this Order:

A.      Any funds received by the FTC pursuant to this Order shall be deposited into a fund administered by the FTC or its agent to be used for equitable relief, including, but not limited to, consumer redress and any attendant expenses for the administration of any redress fund.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the FTC may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as disgorgement. Defendants shall have no right to challenge the FTC's choice of remedies under this Section, and shall have no right to contest the manner of distribution chosen by the FTC;

B.      This judgment for equitable monetary relief is solely remedial in nature and is not a fine, penalty, punitive assessment, or forfeiture;

C.      In the event of any default on any Defendant's obligation to make payment under this Section, interest, computed pursuant to 28 U.S.C. § 1961, as amended, shall accrue from the date of default to the date of payment, and shall immediately become due and payable;

D.      Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise;

E.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the FTC to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the

Bankruptcy Code, 11 U.S.C. 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes;

F.      In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless Defendants have already done so, to furnish to the FTC their taxpayer identifying numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government; and

G.      Pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), any consumer reporting agency may furnish a consumer report concerning any Defendant, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## VIII.  RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the FTC's agreement to, and the Court's approval of, this Order is expressly premised on the truthfulness, accuracy, and completeness of Defendants' financial statements previously submitted to the FTC. If, upon motion by the FTC, the Court finds that the financial statement of any Defendant contains any material misrepresentation or omission, the judgment entered in Section VII of this Order shall be reinstated and become immediately due and payable, *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Order.  For purposes of this Section, Defendants waive any right to contest any of the allegations in the Complaint.

## IX.   PROHIBITION ON COLLECTING ON ACCOUNTS

**IT IS FURTHER ORDERED** that Defendants, whether acting directly, or through any person, business entity, trust, corporation, partnership, limited liability

1   company, subsidiary, division, or other device, or any of them, are hereby

2   permanently restrained and enjoined from attempting to collect, collecting, or

3   assigning any right to collect payment from any consumer who purchased or

4   agreed to purchase any Defendant's mortgage assistance relief service.

### X.   RECEIVERSHIP

**IT IS FURTHER ORDERED** that the appointment of Michael A.

Grassmueck, as Receiver over the Corporate Defendants, pursuant to the

Temporary Restraining Order entered on May 30, 2012, and the Preliminary

Injunction entered on June 7, 2012, is hereby continued in full force and effect

except as modified by this Section.  The Receiver shall complete liquidation of all

assets of Corporate Defendants.  Upon liquidation of the assets of Corporate

Defendants, the Receiver shall submit his final report and application for fees and

expenses, and upon approval of the same by the Court, shall pay any remaining

funds to the FTC.  Upon the Court's approval of the Receiver's final report, and

the payment of any remaining funds to the FTC under this Section, the

Receivership over Corporate Defendants shall be terminated.

### XI.   DISSOLUTION OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze on the assets of Defendants

shall remain in effect until they have taken all of the actions required by Section

VII above.  Once Defendants have fully complied with the requirements of Section

VII, the freeze against the assets of Defendants shall be lifted permanently.  A

financial institution shall be entitled to rely upon a letter from Plaintiff stating that

the freeze on the assets of Defendants has been lifted.

## XII.   ORDER ACKNOWLEDGMENTS

**IT IS FURTHER ORDERED** that Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defendant, within seven (7) days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury;

B.     For five (5) years after entry of this Order, Individual Defendant for any business that he, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order to: (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within seven (7) days of entry of this Order for current personnel.  To all others, delivery must occur before they assume their responsibilities; and

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIII.  COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that Defendants make timely submissions to the FTC:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Defendant must: (a) designate at least one telephone number and an email, physical, and postal address as points of contact, which representatives of the FTC may use to communicate with Defendant; (b) identify all of that

1    Defendant's businesses by all of their names, telephone

2    numbers, and physical, postal, email, and Internet addresses; (c)

3    describe the activities of each business, including the products

4    and services offered, the means of advertising, marketing, and

5    sales, and the involvement of any other Defendant (which

6    Individual Defendant must describe if he knows or should know

7    due to his own involvement); (d) describe in detail whether and

8    how that Defendant is in compliance with each Section of this

9    Order; and (e) provide a copy of each Order Acknowledgment

10    obtained pursuant to this Order, unless previously submitted to

11    the FTC; and

12    2.      Additionally, Individual Defendant must: (a) identify all

13    telephone numbers and all email, Internet, physical, and postal

14    addresses, including all residences; (b) identify all titles and

15    roles in all business activities, including any business for which

16    Defendant performs services whether as an employee or

17    otherwise and any entity in which Defendant has any ownership

18    interest; and (c) describe in detail Defendant's involvement in

19    each such business, including title, role, responsibilities,

20    participation, authority, control, and any ownership;

21    B.      For twenty (20) years following entry of this Order, each Defendant

22    must submit a compliance notice, sworn under penalty of perjury, within fourteen

23    (14) days of any change in the following:

24    1.      Each Defendant must report any change in: (a) any designated

25    point of contact; (b) the structure of any Corporate Defendant or

26    any entity that Defendant has any ownership interest in or

27    directly or indirectly controls that may affect compliance

28    obligations arising under this Order, including: creation,

merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; and

2. Additionally, Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which Defendant performs services whether as an employee or otherwise and any entity in which Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any;

C. Each Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen (14) days of its filing;

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature; and

E. Unless otherwise directed by an FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, D.C. 20580. The subject line must begin: FTC v. Consumer Advocates Group, LLC, *et al.*, No. 1123137.

1

## XIV.  RECORDKEEPING

2

**IT IS FURTHER ORDERED** that Defendants must create certain records

3

for twenty (20) years after entry of the Order, and retain each such record for five

4

(5) years.  Specifically, Individual Defendant and each Corporate Defendant for

5

any business in which that Defendant, individually or collectively with any other

6

Defendants, is a majority owner or directly or indirectly controls, must maintain

7

the following records:

8

A.     Accounting records showing the revenues from all goods or services

9

sold, all costs incurred in generating those revenues, and the resulting net profit or

10

loss;

11

B.     Personnel records showing, for each person providing services,

12

whether as an employee or otherwise, that person's: name, addresses, and

13

telephone numbers; job title or position; dates of service; and, if applicable, the

14

reason for termination;

15

C.     Complaints and refund requests, whether received directly or

16

indirectly, such as through a third party, and any response;

17

D.     All records necessary to demonstrate full compliance with each

18

provision of this Order, including all submissions to the FTC; and

19

E.     A copy of each advertisement or other marketing material related to

20

the marketing of any financial good or service.

21

## XV.  COMPLIANCE MONITORING

22

**IT IS FURTHER ORDERED** that, for the purpose of monitoring

23

Defendants' compliance with this Order, including the financial representations

24

upon which the judgment was suspended:

25

A.     Within fourteen (14) days of receipt of a written request from a

26

representative of the FTC, each Defendant must: submit additional compliance

27

reports or other requested information, which must be sworn under penalty of

28

perjury; appear for depositions; and produce documents, for inspection and

copying.  The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69;

B.     For matters concerning this Order, the FTC is authorized to communicate directly with each Defendant.  Defendants must permit representatives of the FTC to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present; and

C.     The FTC may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XVI.  RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

DATED: February 01, 2013

The Honorable Dean D. Pregerson
United States District Judge